JAMES A. DOW *vs.* GEORGE R. DAVIS.

Cumberland.   Opinion March 28, 1882.

*Bankruptcy.   Discharge.   Covenant of seizin.*

The discharge in bankruptcy of the covenantor is a bar to an action upon a covenant of seizin, when the eviction took place after the defendant was adjudged a bankrupt but before the order for the final dividend.

ON agreed statement of facts from superior court.

Action of covenant broken.

The opinion states the material facts.

*B. J. Larrabee*, for the plaintiff.

There is no breach of covenant of warranty until eviction. *Reed* v. *Pierce*, 36 Maine, 455 ; *Twambly* v. *Henley*, 4 Mass. 442 ; *Bearce* v. *Jackson*, *Id.* 408 ; *Chapel* v. *Bull*, 17 Mass. 213 ; *Gilman* v. *Haven*, 11 Cush. 330.

Plaintiff then had no cause of action against the defendant at the time of commencement of bankruptcy proceedings, and whether he ever would have depended upon the fact whether or not he ever should be evicted, and it was not therefore a contingent debt or liability within the meaning of the bankrupt act.   U. S. R. S., § 5068.

The contingency here was whether there would ever be any liability.

There is a difference between a contingent debt or liability, which is provable, and a contingency whether or not there will ever be any debt or liability, which is not provable.   *Fernald* v. *Johnson*, 71 Maine, 437 ; *Reed* v. *Pierce*, 36 Maine, 455 ; *Ellis* v. *Ham*, 28 Maine, 385 ; *French* v. *Morse*, 2 Gray, 111, and cases cited.   The principle relied upon by the plaintiff, as established by the foregoing authorities, is as applicable to the act of 1867 as to the act of 1841.

*Locke and Locke*, for the defendant, cited : *Merrill* v. *Schwartz*, 68 Maine, 514 ; U. S. R. S., § § 5068, 5115 ; *Williams* v. *Har-*

*kins,* 15 N. B. R. 34; *Jones* v. *Knox,* 8 N. B. R. 559; *U. S.* v. *Throckmorton,* 8 B. R. 309; Blumenstiel's Bankruptcy, (ed. 1878) 275.

APPLETON, C. J. This is an action on the covenants of a deed, to which the defendant pleads in bar a discharge in bankruptcy.

The land conveyed was under mortgage. When the defendant was adjudged a bankrupt, the plaintiff had not discharged the incumbrance, nor had he been evicted. There was a breach of the covenant against incumbrances, and it is not denied that the plaintiff's claim under that covenant is barred by the discharge in bankruptcy.

The covenants of seizin and good right to convey are practically synonymous and were not broken until the plaintiff's eviction. It was determined, under the bankrupt law of 1841, that these covenants were not barred by the bankrupt's discharge. *Reed* v. *Pierce,* 36 Maine, 456, and cases cited.

In the case at bar, the eviction took place after the defendant was adjudged a bankrupt and before the order for a final dividend and the question arises whether in such case the discharge is a bar under the bankrupt law of 1867.

This precise question does not appear to have heretofore arisen in any adjudicated case and must be determined by the language of the statute.

By the bankrupt law of 1841, "all persons having uncertain and contingent demands against such bankrupt may come in and prove such claims under the act, and shall have a right, when those debts or claims become absolute, to have the same allowed them."

The language of the act of 1867, is: "In all cases of *contingent debts* and *contingent liabilities* contracted by the bankrupt, and not herein otherwise provided for, the creditor may claim therefor, and have his claim allowed, with a right to share in the dividends, if the *contingency shall happen before the order* for the *final dividend,* or he may at any time apply to the court to have the present value of the debt or liability ascertained and

liquidated, which shall then be done in such a manner as the court shall order, and he shall be allowed to prove for the amount so ascertained."

The act provides for contingent liabilities as well as contingent debts, by adding contingent liabilities to the words of the statute of 1841. The object was to embrace an additional class for which previous legislation had made no provision.

Now, was here a liability and was it contingent, uncertain, dependent on what may or what may not occur? The defendant by signing a deed was bound to the performance of its covenants. There was no present liability under some of the covenants, those in controversy, if the plaintiff became seized. But was there not a liability, which in a contingency might ripen into an existent right of action? If there was not, then in no event could the defendant be liable on his covenants in case of a breach subsequently occurring. If there was, then was there not a contingency of a better outstanding title and an eviction under it? Was there not a contingent liability, a liability contingent upon the happening of the future event by which the contingent liability was changed into an existent one.

If this is not a contingent liability, it is not easy to define what would be such liability. But whether it is a contingent debt or liability, if one or the other, it is immaterial in the present case, for the statute applies to both in case "the contingency shall happen before the order for the final dividend," as it did by the plaintiff's eviction.

The apparent object was, in all cases where the contingency had occurred, if occurring before the order of final distribution, to permit proof to be made of the contingent debt or liability.

The claim of the plaintiff was provable and being provable by the section under consideration, it is barred.

In *Fernald* v. *Johnson*, 71 Maine, 437, the contingency had not happened and it was uncertain whether it would happen before the order for the final dividend. The other cases relied upon by the plaintiff were mainly decisions under the bankrupt law of 1841.

*Judgment for defendant.*

WALTON, BARROWS, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.