STATE OF MAINE                                              SUPERIOR COURT
CUMBERLAND, ss.                                             CIVIL ACTION
                                                           DOCKET NO. RE-05-127

BARRY SPYDELL and
LORRAINE SPYDELL

              Plaintiffs                        ORDER ON DEFENDANT'S
                                                MOTION TO DISMISS AND
       v.                                       PLAINTIFFS' MOTION FOR
                                                PARTIAL SUMMARY
RICHARD D. PUSHARD                              JUDGMENT

              Defendant


       Before the court are defendant Richard Pushard's ("Defendant") motions

to dismiss Counts V (declaratory judgment) and VI (mutual mistake/rescission)

of plaintiffs Barry and Lorraine Spydell's ("Plaintiffs") second amended

complaint, and Plaintiffs' motion for partial summary judgment on Counts I

(breach of warranty deed) and V (declaratory judgment) of their claim.

## BACKGROUND

       On December 14, 1995, Defendant purchased approximately 182 acres of

land in Gray, Maine from a man by the name of Robert W. Hale.  Among the

restrictive covenants on the warranty deed from Mr. Hale was a restriction on

subsequent subdivision of the land.  This restriction states, "Said lot may not be

resubdivided into lots of less than five (5) acres each."

       On October 19, 2001, Plaintiffs purchased approximately 2.93 acres of

Defendant's land.  Prior to the sale, on August 22, 2001, Defendant obtained a

document, signed by Frederick C. Campbell, in his capacity as president of the

1

Notched Pond Lot Owners Association, stating that the restrictive covenants contained in the 1995 deed are released ("Notched Pond Release"). Both Plaintiffs and Defendant believed that this release was effective, even though the by-laws of the Association may not provide for conveyance by the Association of property rights held by its individual members. The deed from Defendant to Plaintiffs states:

> The... parcel is subject to the covenants, restrictions, and reservations set forth in the deed to me from Robert W. Hale dated December 14, 1995, and recorded in the Cumberland County Registry of Deeds in Book 12290, Page 110, except insofar as the same have been released by the Notched Pond Lot Owners Association, formerly known as the Warren Shores Lot Owners Association, by the instrument recorded in said Registry in Book 16661, Page 178.

According to Plaintiffs' complaint, in November 2003 and April 2004, Plaintiffs attempted unsuccessfully to finalize the sale of this property to two separate third parties. On both occasions, Plaintiffs assert that the sale was aborted due to a cloud on the title from the 5-acre subdivision restriction in the 1995 deed.

On September 15, 2005, Plaintiffs filed this suit against Defendant, claiming that Defendant had breached warranties to provide marketable title to Plaintiffs, and to defend the deed, and claiming negligent and intentional misrepresentation. In their second amended complaint, Plaintiffs request a judgment declaring that a controversy exists over the marketability of title to the 2.93 acre parcel and/or declaring the effect of the Notched Pond Release, and seeking damages to compensate Plaintiffs for breach of covenants. Plaintiffs also claim mutual mistake in conveyance of the deed and request rescission.

Defendant claims Plaintiffs' requests for a declaratory judgment and for rescission of the deed fail to state claims for which relief can be granted. Regarding the declaratory judgment, Defendant asserts that the declaratory judgment claim fails to assert a genuine controversy between the parties. Defendant claims he has no stake in the outcome of a declaration from the court regarding the marketability of Plaintiffs' title or declaring the effect of the Notched Pond release. Regarding the claim for rescission, Defendant claims that Plaintiffs have failed to allege a mutual mistake of fact necessary to obtain rescission of the deed.

Plaintiffs have separately moved for partial summary judgment in their favor on Counts I and V of their second amended complaint, for breach of warranty deed and declaratory judgment.

## DISCUSSION

### I.    Defendant's Motion to Dismiss Count V : Declaratory Judgment

Plaintiffs request two declarations in Count V of their claim. They request, first, that the court declare that a controversy exists as to the marketability of their title, and second, that the court declare the effect of the Notched Pond Release. In opposition to the motion to dismiss Count V, Plaintiffs claim that a judgment declaring that a controversy exists as to marketability of title for this property and/or the effect the Notched Pond Release will establish whether Defendant is liable to Plaintiffs for breach of any

of the warranty covenants in the deed executed by him to Plaintiffs.[1] A declaration that a controversy exists as to the marketability of Plaintiffs' title would not establish a breach of any of the warranty covenants, as none of the statutorily-imposed warranty covenants require Defendant to warrant the marketability of Plaintiffs' title. See 33 M.R.S.A. § 764. Accordingly, any declaration by the court that there exists a controversy over the marketability of Plaintiffs' title does not, without greater specificity, implicate Defendant.

The "warranty covenants" made by Defendant to Plaintiffs in the 2001 deed include (1) the covenant of seisin, in which Defendant covenants that he is lawfully seized in fee of the premises, (2) the covenant against encumbrances, (3) the covenant of good right to sell and convey the premises, and (4) the covenant of defense of title, in which the Defendant warrants to Plaintiffs that he will warrant and defend the above covenants against the lawful claims and demands of all persons. 33 M.R.S.A. § 764.

Plaintiffs believe that, if this court were to declare the Notched Pond Release ineffective, then Defendant would necessarily be liable for breach of the covenants of seisin, good right to convey, and/or against encumbrances. The court agrees that, if it declares the Notched Pond Release ineffective, then Defendant would be liable for breach the covenant of good right to convey, though not the covenants of seisin and against encumbrances.[2] Although the

---

[1] Plaintiffs do not claim that a declaration regarding the effectiveness of the Notched Pond Release or regarding marketability of title necessarily implicates Defendant's liability for negligent or intentional misrepresentation, or that it would necessarily implicate rescission of the deed or other equitable relief.

[2] The covenant against encumbrances is a promise by the grantor that the property conveyed contains no unmentioned, unrecorded encumbrances. *See Aczas v. Stuart Heights, Inc. et al*, 221

covenants of seisin and good right to convey are often referred to as synonymous, *see Dow v. Davis*, 73 Me. 288, 288 (Me. 1882) and 20 AmJur 2d *Covenants, Conditions, and Restrictions* § 82, the facts of this case highlight that there is a difference between the two covenants.

The covenant of seisin is a limited promise that the grantor has good title to the estate he is purporting to convey. *See* 20 AmJur 2d *Covenants, Conditions, and Restrictions* § 82. There is no dispute that Plaintiffs obtained title in the parcel that is superior to anyone else's. Accordingly, Defendant has met his obligations under the covenant of seisin. *See id.* However, the covenant of good right to convey, by its terms, is a promise that the seller has a right to convey the property. This is not concerned with title to the property, but with the question of whether there is any other impediment to conveyance. Here, an impediment, in the form of a restrictive covenant against subdivision of property in parcels less that five acres, may exist. If it does, i.e. if the Notched Pond Release is ineffective, then Defendant breached the covenant of good right to convey.

Accordingly, Defendant's motion to dismiss Count V for failure to state a claim in controversy between the parties, is GRANTED in part and DENIED in part. A declaration that a controversy exists as to the marketability of Plaintiffs'

A.2d 589, 592 (Conn. 1966) (upholding a trial court determination that a seller had violated the covenant against encumbrances by conveying land in a deed that did not include among the recited encumbrances any statement that the land was subject to an unrecorded city sewer easement, but the seller knew of the easement's existence.) Here, the restrictive covenants on Plaintiffs' property were noted in the 2001 deed: "the above-described parcel is subject to the covenants, restrictions, and reservations set forth in the deed to me from Robert W. Hale dated December 14, 1995." The meaning of the language following this mention of the restrictive covenants is not at issue, at least where the covenant against encumbrances is concerned. This is a strange and perhaps unique case in which a deed both mentions the existence of an encumbrance and then refers to a document that may (or may not) release the grantee from it. However, Defendant did not breach the covenant against encumbrances, which warrant only that no *further, unmentioned* encumbrances exist.

title does not implicate Defendant, however, a declaration as to the validity of the Notched Pond Release does.

## II. Defendant's Motion to Dismiss Count VI : Rescission

Plaintiffs claim under Count VI of the second amended complaint that they and the Defendant were under the mutual mistaken belief that the Notched Pond Release would have the effect of releasing the conveyed land from the 5-acre restrictive covenant contained in the 1995 deed. They claim that this mistake was a material element of the bargained-for exchange between the parties, and claim on this basis that they are entitled to rescission of the deed.

Defendants point out, however, that in order for mutual mistake to serve as grounds for rescission of a deed, the mistake must be one of fact and not of law. *See Burggraff v. Baum*, 1998 ME 262, ¶ 7, 720 A.2d 1167, 1169. As alleged by Plaintiffs, the mutual mistake in this case concerned the legal effect of the Notched Pond Release, which is a mistake of law and not of fact. *See id.* Accordingly, Plaintiffs fail to state a claim under Count VI for which relief can be granted, and this count is DISMISSED.

## III. Plaintiffs' Motion for Partial Summary Judgment : Counts I (Breach of Warranty Deed) and V (Declaratory Judgment)

The court has already determined under Part I of this opinion, above, that if the Notched Pond Release is ineffective, Defendant breached the warranty of good right to convey the 2.93-acre parcel to Plaintiffs. Plaintiffs rely on this declaration as the basis for their motion for summary judgment on Count I. The court will only grant summary judgment on Count I of Plaintiffs' complaint,

6

however, if Plaintiffs have shown that there is no question of fact or law that the Notched Pond Release is ineffective.

Defendant does not dispute that the Notched Pond Homeowner's Association has no authority to convey the private real estate interests of its members. Plaintiffs have provided a copy of the Association Bylaws, which do not indicate that it has the power to release a lot owner from any of the restrictive covenants pertaining to the lots within the subdivision. Accordingly, the court declares that the Notched Pond Release is ineffective to release the five-acre lot size restriction. This, in turn, means that Defendant has breached the covenant of good right to convey.

The entry is:

> Defendant's motion to dismiss Count V of Plaintiffs' complaint, for declaratory judgment, is GRANTED in part and DENIED in part. The motion to dismiss Count V insofar as it seeks a declaration that a controversy exists as to the marketability of Plaintiff's title is GRANTED. The motion to dismiss Count V insofar as it seeks a declaration that the Notched Pond Release is ineffective is DENIED. Defendant's motion to dismiss Count VI of Plaintiffs' complaint, for rescission, is GRANTED.
>
> Plaintiffs' motion for partial summary judgment on Count I and the remaining portion of Count V of their complaint is GRANTED.

Dated at Portland, Maine this _17th_ day of ___May___, 2006.

Robert E. Crowley
Justice, Superior Court

7

CLERK OF COURTS
Cumberland County
P.O. Box 287
Portland, Maine 04112-0287

JUDY METCALF ESQ
EATON PEABODY
PO BOX 9
BRUNSWICK ME 04011-0009

CLERK OF COURTS
Cumberland County
P.O. Box 287
Portland, Maine 04112-0287

ROBERT PIAMPIANO ESQ
TROUBH HEISLER & PIAMPIANO
PO BOX 9711
PORTLAND ME 04104-5011